Scott, J.
This cause originated in the court of common pleas of Yan Wert county, in which the plaintiff, by petition filed February 12, 1866, alleges in substance :
That the original proprietors of the village of Yan Wert, by a town plat duly acknowledged and recorded in May, 1835, dedicated *two'town lots, numbered 3 and 18 on said plat, “ for school [224 purposes, and on which to erect school-houses.”
That the proper authorities, shortly afterward, erected a schoolhouse on one of said lots, and occupied the same, in conformity with the purposes of said dedication, till the year 1855, the limited population prior to that time not requiring a similar occupancy of the other lot; that the only means of access to said lots is from *225 Jackson street; and that in 1855 the said street was occupied by a railroad company as a part of the line of its railway; and that said company constructed a depot in close proximity to said lots, and thereby rendered, them worthless as sites for school buildings, as the noise and danger incident to the running of trains rendered their use for such purpose inconvenient and dangerous.
That the increase of population and the wants of the village had, by this time, rendered it necessary to erect additional school buildings, and to procure other and different sites therefor, as said lots had been rendered unsuitable for the purpose by reason of the location and use of said road and depot; "and that such other sites have been accordingly purchased, and buildings erected thereon.
That to meet the growing wants of the village it has bécome necessary to procure still further grounds for sites, and erect additional school buildings thereon ; and, under the circumstances, the plaintiff asks for authority to sell said lots (3 and 18), and apply the proceeds of sale to the purchase of sites for additional school buildings, or for the erection of such buildings.
Edson and DePuy are made parties defendant, on the ground that they claim a title to the premises adverse to the plaintiff, which they are called on to disclose.
Edson and DePuy' demurred to the petition on the general ground that it does not state facts sufficient to constitute a cause of action.
The inhabitants of the village of Yan Wert are made parties defendant in the title of the case, but neither the incorporated village of Yan Wert nor its inhabitants have answered or demurred ; nor do we find that they, or either of them, have been brought into court by service of process or otherwise.
225] *The court of common pleas sustained the demurrer and dismissed the petition; the plaintiff appealed to the district court, in which the case was reserved for the decision of this court.
It is claimed, for the plaintiff, that the title to the lots in question is vested in the plaintiff by section 3 of the act of March 13, 1850. S. & C. 1377. That section is as follows: “ The title to all real estate and other property, belonging, for school purposes, to any city, town, village, township, or district, or to any part of the same, which is or maybe organized into a single school-district, in accordance with this act, or the act to which this is an amendment, shall be regarded in law as vested in the board of education *226 thereof, for the support and use of the public schools therein; and said board may dispose of, sell, and convey said real estate, or any part of the same, by deed, to be executed by the president of said board, upon a majority vote for such sale, at any regular meeting of the electors of said district.”
It does not appear that the village of Yan Wert is organized into a single school-district, under the acts referred to, nor does the petition state that a sale has been voted for at a regular meeting of the electors of such district. And if such organization and vote be assumed, and the beneficial ownership of the lots by the village be regarded as absolute and unqualified, we do not see that, as against the village, the plaintiff needs any further power than is conferred by this section of the statute; and we know no authority vested in the courts of the state to grant further power, if the legislative grant be insufficient.
But, we think it clear that this statute was intended to apply only to cases where the absolute ownership of the property is in the city, town, etc., which has been organized into a single school-district, under the act of February 21, 1849, and that it was not intended to affect any interest of the original proprietors of towns growing out of their dedication of particular lots or lands, for specific uses. The legislature could not thus transfer private rights of property, nor change the character of the use created by such, previous dedications. Le Clereq v. Town of G-allipolis, 7 Ohio (pt. 1), 217.
*By the' 8th section of the act of March 3, 1831, to pro- [226 vide for the recording of town plats (S. & C. 1484), it is provided: “ That the the plat or map, when recorded as required by this act, shall be deemed and considered in law a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, named, or intended for public use, in the county in which the town is situated, for the uses and purposes therein named, expressed, or intended, and for no other use or purpose whatever.”
The town plat, in this case, was executed and recorded in 1835, and the result was that the fee simple of the lots in question was thereupon vested in the county of Yan Wert, but wholly in trust, for the public use specified in the dedication, and for no other use or purpose whatever.
If subsequent legislation has changed the trustee the trust or use itself remains unchanged. The dedication in this ease, as stated in *227 the petition, was “for school purposes, and on which to erect school-houses.” Without determining whether, under this dedication, the lots could properly bo used for school purposes, other than the erection of school-houses thereon, it is enough to say that the dedication is of the land and not of its value or proceeds. It confers no power of alienation discharged of the use by which the purpose of the dedication might be utterly defeated. Should the sole uses to which the property has been dedicated become impossible of execution, the property would revert to the dedicators or their representatives. Williams v. The First Presbyterian Society of Cincinnati, 1 Ohio St. 478 (per Thurman, J.); Le Clercq et al. v. The Town of Gallipolis, supra (per Lane, J.)
Is it competent for a court of equity, without the consent of the dedicators, to extinguish forever this right of reversion, by ordering a sale of the property, and assuming to execute the trust cy pres, by transferring it to the proceeds of the sale? We think judicial power can not legitimately be so far extended.
Even if this could be done, the dedicators should certainly be made parties to the proceeding; otherwise, their rights would be unaffected by any order of the court in the premises. The only de227] fendants served with process in this case are *Edson and DePuy, and it is not alleged in the petition that they are the assignees of the dedicators, or in any way claim under or represent them. Still, as the prayer of the petition is only for an order directing the sale of the lots, and the application of the fund arising therefrom, and as no specific relief is asked as against Edson and DePuy, it is, perhaps, to be inferred that the title alleged to have been set up by them is not adverse to, or inconsistent with, the right of the plaintiff to use the property pursuant to the declared purposes of the dedication; but it is adverse only to the right which the plaintiff claims to discharge the property from the specific public uses contemplated by the dedicators, and to convert it into private property by an absolute alienation. At least, there is nothing in the petition to negative the idea that Edson and DePuy claim under the dedicators; and we think their general right, as defendants, to demur to the petition can not bo limited by the mere assumption that they are strangers to the dedication. And, for the reasons already indicated, wo think their demurrer must be sustained, and the petition of plaintiff be dismissed.

Judgment accordingly.

Day, C. J., and Brinkerhoff, Welch, and White, JJ., concurred.